Monica R. Thompson (031575)
DENTONS US LLP
2398 East Camelback Road, Suite 850
Phoenix, Arizona 85016
Telephone: (602) 508-3900
Email: monica.thompson@dentons.com

Mark L. Hanover (*pro hac vice* forthcoming)
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Telephone: (312) 876-8000
E-mail: mark.hanover@dentons.com

Jennifer A. L. Battle (*pro hac vice* forthcoming)
CARPENTER LIPPS LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
Telephone: (614) 365-4119
E-mail: battle@carpenterlipps.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Lisa A. Nutt,<br><br>　　　　Plaintiff,<br>　v.<br><br>Nationwide Insurance Company of America, et al.,<br><br>　　　　Defendants. | Case No. 2:24-cv-02228-PHX-ROS<br><br>**MOTION TO DISMISS OF DEFENDANTS NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, NATIONWIDE ASSURANCE COMPANY, NATIONWIDE GENERAL INSURANCE COMPANY, NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, AMCO INSURANCE COMPANY, DEPOSITORS INSURANCE COMPANY, TITAN INSURANCE COMPANY, AND VICTORIA FIRE & CASUALTY COMPANY FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**(ORAL ARGUMENT REQUESTED)** |

Defendants Nationwide Affinity Insurance Company of America, Nationwide Assurance Company, Nationwide General Insurance Company, Nationwide Mutual Insurance Company, Nationwide Property and Casualty Insurance Company, ALLIED Property and Casualty Insurance Company, AMCO Insurance Company, Depositors Insurance Company, Titan Insurance Company, and Victoria Fire & Casualty Company (collectively, the "**Moving Defendants**") hereby move the Court to dismiss the claims stated against them in plaintiff Lisa A. Nutt's Class Action Complaint (Doc. No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing. The grounds for this motion are set forth more fully in the accompanying memorandum of support.

## MEMORANDUM IN SUPPORT

### I.     INTRODUCTION.

Plaintiff Lisa A. Nutt alleges that she was insured by defendant Nationwide Insurance Company of America ("Nationwide America"). All of Lisa Nutt's claims arise from her contract with Nationwide America. She had no contractual relationship with defendants Nationwide Affinity Insurance Company of America, Nationwide Assurance Company, Nationwide General Insurance Company, Nationwide Mutual Insurance Company, Nationwide Property and Casualty Insurance Company, ALLIED Property and Casualty Insurance Company, AMCO Insurance Company, Depositors Insurance Company, Titan Insurance Company, and Victoria Fire & Casualty Company (collectively, the "**Moving Defendants**").

Without a contractual relationship between the Moving Defendants and herself, Lisa Nutt cannot establish that the Moving Defendants injured her and that she has standing to sue. Without standing, the Court lacks jurisdiction over Lisa Nutt's claims against the Moving Defendants.

Accordingly, for these reasons and those that follow, this Court should dismiss Lisa Nutt's claims against the Moving Defendants pursuant to Fed. R. Civ. P. 12(b)(1).

## II. BACKGROUND.

Lisa Nutt alleges that she was insured by Nationwide America under an auto policy she purchased. (Compl. at ¶¶ 8, 35 (Doc. No. 1)). The Moving Defendants are all separate entities, distinct from Nationwide America. (*See id*. at ¶¶ 11-12). Lisa Nutt had no contractual relationship with the Moving Defendants. (*See id*. at ¶¶ 8, 35).

In 2021, Lisa Nutt allegedly was involved in a motor vehicle accident that resulted in her submitting a claim to Nationwide America for underinsured motorists coverage. (*See id*. at ¶¶ 28-31, 41). That claim was submitted, handled, and paid pursuant to the contract Lisa Nutt had for auto insurance with Nationwide America. (*See id*. at ¶¶ 35, 37-38, 41, 54, 59).

In this action, Lisa Nutt claims Nationwide America breached its insurance contract by mishandling her claims for uninsured and underinsured motorists ("UI/UIM") coverage benefits. (*See id.*, *passim*). She also purports to represent a putative class of plaintiffs with policies allegedly issued in the state by the Moving Defendants. (*See id*. at ¶¶ 146 – 161).

## III. STANDARD.

Article III courts are courts of limited jurisdiction that exist to decide "cases" and "controversies" capable of judicial resolution. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-560 (1992); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016). Consistent with this, the doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court," *Spokeo Inc*. at 338, to those plaintiffs who suffered (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Lujan* at 560-561.

Where, as here, a suit is filed by a plaintiff without Article III standing there is no "case or controversy," and a federal court lacks subject matter jurisdiction over the suit. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). Challenges to standing are thus appropriately raised as a motion pursuant to Federal Rule of Civil Procedure 12(b)(1),

*Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011), and a court that determines there is a lack of standing must dismiss the challenged claims for lack of subject matter jurisdiction. *Cetacean Cmty*. at 1174.

### IV. LISA NUTT'S COMPLAINT FAILS TO ESTABLISH HER STANDING TO SUE THE MOVING DEFENDANTS.

Lisa Nutt was not insured by any of the Moving Defendants, and she has not alleged facts that would establish her standing to assert claims against them. *See* Compl. at ¶¶ 8, 35 (Doc. No. 1). Rather, as her Complaint makes clear, she was insured by Nationwide America at all relevant times and her claims for declaratory judgment, breach of contract, and bad faith all flow from injuries allegedly caused by Nationwide America (not the Moving Defendants). *See id..* at ¶¶ 8-9, 35-66. Specifically, Lisa Nutt never explains or alleges how the Moving Defendants, which are all separate entities, injured her. *See id.*, *passim*. Nor could she. The Moving Defendants have no contract with Lisa Nutt and there is no way for her to allege a breach, bad faith, or to seek declaratory relief arising from an insurance contract. In other words, Lisa Nutt and the Moving Defendants are strangers to one another and there is no injury fairly traceable to the Moving Defendants for the Court to remedy here. *See Lujan*, 504 U.S. at 560-561.

At the pleading stage, plaintiffs like Lisa Nutt must clearly allege facts demonstrating each element of their standing. *Spokeo Inc*. at 338. Here, Lisa Nutt has not done so with respect to the Moving Defendants and she thus lacks standing to bring any of the claims brought against the Moving Defendants in this action.

### V. LISA NUTT CANNOT AVOID HER ARTICLE III STANDING REQUIREMENTS BY GROUPING THE DEFENDANTS TOGETHER OR RELYING ON HER STATUS AS A NAMED PLAINTIFF.

Lisa Nutt's efforts to lump the Moving Defendants together with Nationwide America, as one single entity, and to cloak herself in the role of class plaintiff fail and do not cure her lack of standing. *See* Compl. at ¶¶ 6, 12, 45-46, 95-96, 154 (Doc. No. 1). Specifically, alleging that the Moving Defendants and Nationwide America have similar policies, *id.* at ¶ 95, are linked "under common management" with "a common core of

operations," *id.* at ¶ 6, or that plaintiff and the class have all been harmed by a "common course of conduct," *id.* at ¶ 154, is not enough.

First, "'[s]tanding cannot be acquired through the back door of a class action'" and a named plaintiff cannot obtain standing to sue simply by claiming to bring her action on behalf of a class of others who *might* have had standing if they had been named as plaintiffs. *See Carranza v. GEICO Gen. Ins. Co.*, No. 3:13–cv–1932–HZ, 2015 WL 1611442, at *1 (D. Or. Apr. 10, 2015) (quoting *Allee v. Medrano*, 416 U.S. 802, 828 (1974)); *see also Spokeo Inc.*, 578 U.S. at 338 n. 6 ("That a suit may be a class action….adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class….") (internal quotations omitted).

*Second*, and more importantly, the Ninth Circuit and district courts within it have consistently held that a plaintiff who purchased insurance from one insurance company does not have standing to sue that company's corporate affiliates, even when those affiliates have similar or identical policies. *See, e.g., Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001-1002 (9th Cir.2001); *Homampour v. Blue Shield of California Life & Health Ins. Co.*, 15-CV-05003-WHO, 2016 WL 7406443, at *7 (N.D. Cal. Dec. 22, 2016); *Carranza*, 2015 WL 1611442, at *5 (D. Or. Apr. 10, 2015); *Perez v. State Farm Mut. Auto. Ins. Co.*, No. C 06-01962 JW, 2011 WL 5833636, at *2, 4 (N.D. Cal. Nov. 15, 2011); *Fosmire v. Progressive Max. Ins. Co.*, No. C10–5291JLR, 2010 WL 3489595, at *2-3 (W.D. Wash. Aug. 31, 2010). *Shin v. Esurance Ins. Co.*, No 8-cv-5626, 2009 WL 688586, at *4-5 (W.D. Wash. Mar. 13, 2009) ("The Court refuses to embrace the notion that all related companies may be haled into court for the actions of one ... of those inter-related, but distinct, companies merely because they have agreed on common practices").

The juridical link doctrine alluded to in Lisa Nutt's Complaint does not apply in this context (*i.e.*, determining Article III standing) or overcome her lack of standing. *Homampour*, 2016 WL 7406443, at *7 ("cases in this circuit have consistently held that the…juridical link doctrine should not be applied to resolve standing issues at the pleading

stage; it applies only to issues relevant to class certification purposes, such as adequacy and typicality."); *Newport v. Dell, Inc.*, No. CV-08-00096, 2008 WL 4347017, at *3 (D. Ariz. Aug. 21, 2008) (rejecting argument standing could be established under juridical link doctrine, and reasoning "United States Supreme Court case law demonstrates that the juridical link doctrine does not obviate the standing requirement" and, in any event, breach-of-contract claim against a party with whom the plaintiff had no contract was not similar to "the limited types of cases in which courts have actually applied the juridical link doctrine").[1] Under the well-established law of this Circuit, Lisa Nutt's efforts to lump Nationwide America and the Moving Defendants together fail where she was not insured by any of the Moving Defendants and there are no allegations that any of the Moving Defendants injured her. *See Lee* at 1001-1002.

In sum, Lisa Nutt lacks standing to assert her claims against the Moving Defendants and her claims against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. There are no allegations in her Complaint to support any other conclusion.

## VI. <u>CONCLUSION</u>.

Thus, for the reasons stated above, Lisa Nutt's claims against the Moving Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

---

[1] *See Martinez v. Newsom*, 46 F.4th 965, 971 (9th Cir. 2022), cert. denied, 143 S. Ct. 1782, 215 L. Ed. 2d 670 (2023) (noting juridical link doctrine has not been applied to establish standing, and in any event, has only been applied in limited circumstances involving "state officials enforcing mandatory rules" and did not apply outside that limited context); *see also Cady v. Anthem Blue Cross Life & Health Ins. Co.*, 583 F. Supp. 2d 1102, 1107 (N.D. Cal. 2008) (juridical link doctrine does not apply outside context of Rule 23 and cannot be invoked to establish standing); *Akaosugi v. Benihana Nat. Corp.*, No. C 11-01272 WHA, 2011 WL 5444265, at *2 (N.D. Cal. Nov. 9, 2011) (juridical link cannot confer standing); *Siemers v. Wells Fargo & Co.*, No. C 05-04518 WHA, 2006 WL 3041090, at *6 (N.D. Cal. Oct. 24, 2006) (same).

| | | |
|---|---|---|
| 1 | Dated: December 16, 2024 | Respectfully submitted, |
| 2 | | **DENTONS US LLP** |

By: *s/ Monica R. Thompson*
Monica R. Thompson (031575)
2398 East Camelback Road, Suite 850
Phoenix, Arizona 85016
Telephone: (602) 508-3900
Email:   monica.thompson@dentons.com

Mark L. Hanover (*pro hac vice* forthcoming)
Dentons US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Telephone: (312) 876-8000
E-mail:   mark.hanover@dentons.com

Jennifer A. L. Battle (*pro hac vice* forthcoming)
Carpenter Lipps LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
Telephone: (614) 365-4119
E-mail:   battle@carpenterlipps.com

*Attorneys for Defendants*