**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa A. Nutt,<br><br>        Plaintiff,<br><br>v.<br><br>Nationwide Insurance Company of America, et al.,<br><br>        Defendants. | No. CV-24-02228-PHX-ROS<br><br>**ORDER** |

      Defendants Nationwide Affinity Insurance Company of America, Nationwide Assurance Company, Nationwide General Insurance Company, Nationwide Mutual Insurance Company, Nationwide Property & Casualty Insurance Company, Allied Property & Casualty Insurance Company, AMCO Insurance Company, Depositors Insurance Company, Titan Insurance Company, and Victoria Fire & Casualty Company (collectively, "Moving Defendants") move the Court to dismiss claims against them in Plaintiff Lisa A. Nutt's Class Action Complaint for lack of standing. (Doc. 16, "Mot.").

      Plaintiff's Complaint alleges three counts against Defendants: (1) a declaratory judgment of Plaintiff and the Class's rights under uninsured ("UM") and underinsured ("UIM") motorist coverage, (2) breach of contract, and (3) bad faith. (Doc. 1, "Compl."). For what follows, the Court will dismiss Plaintiff's claims against the Moving Defendants for lack of standing leaving only the claims against Nationwide Insurance Company of America ("Nationwide America").

## BACKGROUND

Plaintiff alleges Defendants did not allow insured customers to "stack" UM and UIM coverages. "Stacking" refers to the practice of allowing insured customers to aggregate coverage limits when multiple vehicles are insured under the same policy. (*Id.* at ¶ 2).

On August 11, 2021, Plaintiff suffered injuries in excess of $125,000 as a result of a motorcycle accident. (*Id.* at ¶¶ 28, 32). At the time of the accident, Plaintiff had a Nationwide America auto insurance policy providing Plaintiff with UIM benefits of $25,000 per person and $50,000 per occurrence for each of six vehicles. (*Id.* at ¶ 36). On October 15, 2021, Plaintiff opened a claim against Nationwide America. (*Id.* at ¶ 37). Plaintiff alleges Nationwide America improperly processed and underpaid her claim by failing to disclose or provide stacked UM/UIM coverage in accordance with A.R.S. § 20-259.01(H). (*Id.* at ¶¶ 42-93).

Plaintiff seeks to represent a class of individuals challenging similar stacked UM/UIM claims at Nationwide America and linked companies. Plaintiff alleges Defendants share common management and "a common core of claims, handling operations, procedures and personal that does not vary materially from one underwriting company to the next" establishing a "juridical link" between Defendants. (*Id.* at ¶ 6). The Moving Defendants argue they have not injured Plaintiff and seek to dismiss the Complaint against them for lack of jurisdiction.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Federal Rule of Civil Procedure 12(b)(1) provides a party may move for dismissal at any point during the litigation.

## ANALYSIS

The Moving Defendants argue they have no contractual relationship with Plaintiff,

are separate entities from Nationwide America, and thus Plaintiff has no standing to bring claims against them. Plaintiff responds the Moving Defendants are appropriately named via the "juridical link" doctrine, which allows the Court to certify a class before considering the Article III standing of the entire class.

The juridical link doctrine stems from dicta in the Ninth Circuit's opinion in *La Mar v. H & B Novelty & Loan Company*, 489 F.2d 461 (9th Cir. 1973). In *La Mar*, the Ninth Circuit held a named plaintiff who has not been harmed by a defendant is generally an inadequate and atypical class representative for the purposes of Federal Rule of Civil Procedure 23. *Id.* at 465-66. However, an exception exists when "all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious." *Id.* at 466. The scope of this exception is limited. As the Ninth Circuit has noted, *La Mar* "confined the juridical link exception to plaintiffs suing 'officials of a single state and its subordinate units of government' who applied 'a common rule'" *Martinez v Newsom*, 46 F.4th 965, (9th Cir. 2022) (quoting *La Mar*, 289 F.2d at 470). *La Mar* did not address Article III standing but concluded it was unnecessary to address standing because Plaintiff's claims failed under Rule 23 even assuming they had standing. *La Mar*, 289 F.2d at 464.

Plaintiff cites cases outside this circuit which have held a court should decide class certification under Rule 23 before judging the entire class for Article III purposes. This approach is adopted in the Seventh Circuit and some district courts. *See Payton v. County of Kane*, 308 F.3d 674, 670-79 (7th Cir. 2002), *cert denied*, 540 U.S. 812 (2003); *In re Target Corp. Customer Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154 (D Minn. 2014). Other district courts have merged standing and Rule 23 analysis concluding a plaintiff entitled under the juridical link doctrine to represent a class against non-injurious defendants has Article III standing to sue the non-injurious defendants. *See, e.g.*, *Vulcan Golf, LLC v. Google Inc.,* 552 F.Supp.2d 752, 762 (N.D. Ill. 2008). However, the Ninth Circuit and most circuits have recognized such approaches cannot be squared with the Article III and plaintiffs must have standing before Rule 23 class certification. *See*

*Martinez,* 46 F.4th at 978 ("[g]iven these developments in standing doctrine, it is hard to imagine a juridical link exception to Article III standing can exist in any form."); *Fox v. Saginaw County, Michigan*, 67 F.4th 284 (6th Cir. 2023) (holding juridical link doctrine is not viable basis to allow named plaintiffs to bring a class action against some defendants who did not injure them); *Mahon v Ticor Title Ins. Co.*, 682 F.3d 59 (2d Cir. 2012) (same); *Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889 (8th Cir. 2015) (same). Indeed, this very court has previously held it must resolve standing before proceeding to class certification. *See Jimenez v. Progressive Cas. Ins. Co.*, 2015 LEXIS 144275 (D. Ariz. 2016).

The Court declines to address class certification prior to resolving Article III standing. Plaintiff has not alleged any injury from the Moving Defendants nor does Plaintiff raise other arguments as to why she has individual standing to sue the Moving Defendants. The claims against the Moving Defendants are therefore dismissed. Accordingly,

**IT IS ORDERED** the Moving Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 16) is **GRANTED.**

**IT IS FURTHER ORDERED** the Clerk of Court is directed to terminate Defendants Nationwide Affinity Insurance Company of America, Nationwide Assurance Company, Nationwide General Insurance Company, Nationwide Mutual Insurance Company, Nationwide Property & Casualty Insurance Company, Allied Property & Casualty Insurance Company, AMCO Insurance Company, Depositors Insurance Company, Titan Insurance Company, and Victoria Fire & Casualty Company from this case.

Dated this 18th day of March, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge